ABRAMSON & DENENBERG, P.C.
BY: ALAN E. DENENBERG, ESQUIRE
IDENTIFICATION NO: 54161
1315 WALNUT STREET, SUITE 500
PHILADELPHIA, PA 19107
(215) 546-1345

THE CHAVEZ-FREED LAW OFFICE
BY: LETICIA C. CHAVEZ-FREED, ESQUIRE
IDENTIFICATION NO: 323615
2600 N. 3RD STREET
HARRISBURG, PA 17110
(717) 893-5698

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNJUAN WHITE, AS ADMINISTRATOR OF THE ESTATE OF JIMMY KING, DECEASED<br>Plaintiff | : JURY TRIAL DEMANDED<br>:<br>: NO. |
| | : |
| **v.** | : |
| | : |
| DAUPHIN COUNTY | : |
| and | : |
| PRIMECARE MEDICAL, INC. | : |
| and | : |
| WARDEN GREGORY BRIGGS | : |
| and | : |
| CEO THOMAS WEBER, ESQ. | : |
| and | : |
| CORPORATE MEDICAL DIRECTOR | : |
| DR. CARL HOFFMAN | : |
| and | : |
| PRISON STAFF MCCLERG, VENTURA, PECHO, | : |
| AND JOHN/JANE DOE 1 – 10 | : |
| and | : |
| MEDICAL PROVIDERS TYKEISHA METZ, | : |
| KATELIN WRIGHT, JOSEPH MACUT, JESSICA | : |
| NYE, TIFFANY LONG, ADDONNA THOMAS, | : |
| SHAYNE GOODMAN, TIFFANY LONG, KAYLA | : |
| ZELDERS-HEICHEL, ADAM BOERMAN, WILLIAM | : |
| YOUNG, GARRETT ROSAS, ANGELA BARNETT, | : |
| CHEREE SULTZBACH, JOHANNA RIEDEL, | : |
| JESSICA GLASPER, SHARON CHRISTIE, | : |
| MELISSA BARBOSA, MILDRED MONTALVO, | : |
| DOUGLAS EASH, SUSAN DELOE, TIA DRABICH, | : |
| STEPHANIE DIETZ, TRACY P., KATIE S., | : |

GINA F., AND JOHN/JANE DOE 1 – 10                    :
                    **Defendants**                    :

**COMPLAINT**

## I.    INTRODUCTION

1.    Plaintiff brings the action for damages pursuant to ==42 U.S.C. § 1983== and the

Due Process Clause of the Fourteenth Amendment of the United States

Constitution, as well as the statutory and common laws of the

Commonwealth of Pennsylvania, as the result of the death of his uncle,

Jimmy King, while incarcerated at Dauphin County Prison.

## II.    JURISDICTION AND VENUE

2.    The court has jurisdiction over the Federal Law Claims pursuant to ==28 U.S.C.

§§1331== and ==1343== and jurisdiction over the State Law Claims pursuant to ==28 U.S.C.

§ 1367== and the principles of pendant and ancillary jurisdiction.

3.    Venue is proper under ==28 U.S.C. §1391(b)== because the cause of action upon which

the complaint is based arose in Dauphin County, Pennsylvania, which is in the

Middle District of Pennsylvania.

## III.    PARTIES

4.    Plaintiff, JohnJuan White, is an adult citizen and resident of the State of

Maryland and was at all relevant times the nephew of the decedent, Jimmy

King, and the administrator of his estate.

5.    At all relevant times, decedent Jimmy King was a pretrial detainee at Dauphin

County Prison.

6.     Defendant, Dauphin County, is an entity or political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania, which at all relevant times owned, operated, managed, maintained, and was otherwise responsible for the inmates at Dauphin County Prison.

7.     At all relevant times, Defendant Dauphin County acted or failed to act through its employees, agents, servants, and/or contractors, then and there acting in the course and scope of their employment, agency, servanthood, and/or contract, including but not limited to the individually named defendants.

8.     At all relevant times, Defendant Dauphin County was charged with housing, supervising, and caring for the inmates housed at Dauphin County Prison, and they delegated their constitutional duty of providing said inmates medical care to Defendant PrimeCare Medical, Inc.

9.     Defendant, PrimeCare Medical, Inc., is a business entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business located in Harrisburg, Pennsylvania.

10.    At all relevant times, PrimeCare Medical, Inc., acted or failed to act through its employees, agents, servants, and/or contractors, then and there acting in the course and scope of their employment, agency, servanthood, and/or contract, including but not limited to the individually named defendants.

11.    At all relevant times, Defendants Dauphin County and PrimeCare Medical, Inc., were performing a traditional governmental function under color of state law and were therefore state actors.

12.    At all relevant times, Defendants Dauphin County and PrimeCare Medical, Inc., were responsible for testing, hiring, training, supervising, and disciplining

individuals staffing Dauphin County Prison, including, but not limited to, the named individual defendants.

13.     Defendant, Warden Gregory Briggs, is an adult individual and resident of the Commonwealth of Pennsylvania, who, at all relevant times, was employed by Defendant Dauphin County, was acting under color of state law, was the final policymaker for Dauphin County Prison, and is being sued in his individual and official capacities.

14.     Defendants, CEO Thomas Weber, Esq., and Corporate Medical Director Dr. Carl Hoffman, are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed by Defendant PrimeCare Medical, Inc., were acting under color of state law, were the final policymakers for Defendant PrimeCare Medical, Inc., and are being sued in their individual and official capacities.

15.     Defendants, Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10 (so designated by fictitious name because Plaintiff, despite the exercise of reasonable diligence, was unable to learn their identities), are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed as corrections officers by Defendant Dauphin County.

16.     At all relevant times, Defendants Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10, were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant Dauphin County and/or Defendant PrimeCare Medical, Inc. They are being sued in their individual and official capacities.

17.     Defendants, Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long,

Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and John/Jane Doe 1 – 10 (so designated by fictitious name because Plaintiff, despite the exercise of reasonable diligence, was unable to learn their identities), are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed as medical providers for Dauphin County Prison by Defendant Dauphin County and/or PrimeCare Medical, Inc.

18.     At all relevant times, Defendants Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and John/Jane Doe 1 – 10 were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant Dauphin County and/or Defendant PrimeCare Medical, Inc. They are being sued in their individual and official capacities.

## III.   OPERATIVE FACTS

19.     On or about August 7, 2020, Decedent was arrested on charges of retail theft, reckless driving, and related offenses.

20.     Bail was set at a total of $10,000, which he was unable to post, and Decedent was taken to Dauphin County Prison, where he was incarcerated as a pretrial detainee.

21.    On or about August 9, 2020, Decedent was struck in the head and torso by his cellmate, another inmate, and/or Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10.

22.    Decedent was seen by prison medical staff, who noted a gash above his right eye and bruised or broken ribs.

23.    Defendants Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 failed to appropriately examine Decedent to rule out traumatic brain injury.

24.    Decedent was sent back to the same cell with the same cellmate.

25.    On or about August 12, 2020, Decedent informed Defendants that he was still having headaches, and Defendants Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and John/Jane Doe 1 – 10 failed to appropriately examine Decedent and/or provide adequate diagnostic testing to rule out traumatic brain injury.

26.    On or about August 14, 2020, Decedent was again attacked and struck in the head with a tablet and/or hard object by his cellmate, another inmate, and/or Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10.

27.  Decedent received no medical treatment following the August 14, 2020, assault, until, on or about August 19, 2020, he presented to prison medical staff complaining of severe headaches, chest pain, difficulty breathing, difficulty sleeping, and chest pain.

28.  Defendants Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10, again, despite his worsening symptoms and repeated head injuries, failed to appropriately examine Decedent and/or provide adequate and proper diagnostic testing to rule out traumatic brain injury.

29.  On or about August 20, 2020, Decedent again presented to prison medical staff with severe headaches and Defendants Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 offered no treatment.

30.  Throughout, Decedent consistently had elevated blood pressure.

31.  Then, at approximately 3:00 a.m. on August 21, 2020, Decedent was found face down in his cell in a pool of vomit, unresponsive, and was rushed to Milton S. Hershey Medical Center.

32. At Hershey Medical Center, Decedent was intubated and given a CT scan, which revealed a subdural hematoma. Doctors at Hershey Medical Center shortly thereafter established that Decedent had no brain activity.

33. On or about August 29, 2020, after his condition slowly worsened, Mr. King died.

34. The Dauphin County Coroner's Office conducted an autopsy that found:

    a. Manner of death was homicide; and

    b. Cause of death was complications of traumatic brain injury.

35. If Defendants had not been deliberately indifferent to the risk of harm against Decedent, his cellmate, another inmate, and/or prison staff would have been prevented from assaulting him and/or assaulting him a second time.

36. Decedent was confined to the prison without adequate surveillance, supervision, or protection, resulting in his being assaulted, or was assaulted by prison staff.

37. As a result of Defendants' actual knowledge of the risk of harm to Decedent and their failure to take action, it was a foreseeable consequence that Decedent would be assaulted by his cellmate, another inmate, and/or prison staff, which constituted an immediate threat to his safety and well-being.

38. As a direct and proximate result of the above deliberate indifference, wrongful acts, and omissions of Defendants, Decedent suffered emotional pain, physical suffering, and death.

### COUNT I – 42 U.S.C. § 1983
### SUBSTANTIVE DUE PROCESS—FAILURE TO PROTECT FROM ATTACK
### JOHNJUAN WHITE v. WARDEN GREGORY BRIGGS AND PRISON STAFF MCCLERG, VENTURA, PECHO, AND JOHN/JANE DOE 1 – 10

39. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

40.  Defendants Warden Gregory Briggs and Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10 were, at all relevant times, responsible for providing Decedent a safe prison environment.

41.  Defendants Warden Gregory Briggs and Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10 knew that there was a substantial risk of harm to Decedent but failed to take reasonable measures to protect him, such as moving Decedent out of his housing unit, changing which inmate(s) he shared a cell with, or otherwise responding to the risk of harm to Decedent after an initial assault.

42.  Defendants Warden Gregory Briggs and Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10 were deliberately indifferent to Decedent's constitutional rights and their acts and failures to act were malicious, shocking to the conscience, and done with willful and/or reckless disregard for Decedent's safety.

43.  Decedent would not have been injured but for the deliberate indifference of Defendants Warden Gregory Briggs and Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10.

44.  Decedent's injuries were a direct, proximate, and foreseeable consequence of Defendants' Warden Gregory Briggs and Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10 failure to take reasonable measures to prevent said harm and/or have or enforce effective and appropriate housing, classification, custody, separation, and security policies.

45.  All of these actions and failures to act violated Decedent's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United

States, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

46.     The above-described acts and failures to act of Defendants Warden Gregory Briggs and Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10 were so malicious, intentional, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Warden Gregory Briggs and Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and punish and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

## COUNT II – 42 U.S.C. § 1983
### SUBSTANTIVE DUE PROCESS—EXCESSIVE FORCE ON PRETRIAL DETAINEE
### JOHNJUAN WHITE V. PRISON STAFF MCCLERG, VENTURA, PECHO, AND JOHN/JANE DOE 1 – 10

47.     All preceding paragraphs are fully incorporated herein by reference.

48.     Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10's use of force against Decedent on August 9, 2020, and/or August 14, 2020, were unreasonable given the circumstances.

49.     Upon information and belief, Decedent was not behaving in a manner that would render striking him in the head and ribs hard enough to cause a subdural hematoma and eventual death a reasonable course of action.

50.     Regardless, Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 struck him in the head on one or both occasions, causing serious injury and death.

51.     All of these actions and failures to act violated Decedent's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

52.     The above-described acts and failures to act of Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 were so malicious, intentional, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10, in an amount sufficient to fully and adequately compensate Plaintiff and punish and deter the defendant and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III – 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**JOHNJUAN WHITE V.  PRISON STAFF MCCLERG, VENTURA, PECHO, AND JOHN/JANE DOE 1 – 10**

53.     All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

54.     Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 had a constitutional and/or statutory duty to intervene when Decedent was unlawfully assaulted and battered and subjected to unreasonable force.

55.     Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 knew that Decedent's rights were being violated and despite said knowledge failed to intervene and stop the unlawful conduct of assault and battery and use of unreasonable force.

56.  Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 had a reasonable opportunity to intervene to prevent and/or limit the aforementioned unlawful conduct inflicted upon Decedent but remained deliberately indifferent and failed to do so.

57.  As a direct and proximate result of the above malicious, intentional, and/or reckless acts and failures to act of Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, Decedent suffered the injuries and deprivations of rights described above.

58.  The above-described acts and failures to act of Defendants Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT IV – 42 U.S.C. § 1983
#### SUBSTANTIVE DUE PROCESS—DENIAL OF ADEQUATE MEDICAL CARE
#### JOHNJUAN WHITE V. ALL INDIVIDUALLY NAMED DEFENDANTS

59.  All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

60.  Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and

John/Jane Doe 1 – 10; and Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 had a constitutional and/or statutory duty to provide Decedent necessary medical care.

61. Decedent had a serious medical need, to wit, traumatic brain injury.

62. Decedent's medical need was serious as evidenced by his death following lack of treatment.

63. Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10; and Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 were aware of Decedent's serious medical need because he had been struck twice in the head on two occasions, and following these assaults he reported headaches, difficulty sleeping, difficulty breathing, and chest pain, and he had an elevated blood pressure when checked by medical providers.

64.   Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10; and Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 remained deliberately indifferent to Decedent's serious medical need by failing to do proper testing to diagnose his traumatic brain injury and prescribing inappropriate treatment—an x-ray, Tylenol, and blood pressure medication—for his condition.

65.   The above-described acts and failures to act of Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10; and Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10, in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10; and Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT V – 42 U.S.C. § 1983
### *MONELL* CLAIM—EXCESSIVE FORCE
### JOHNJUAN WHITE V. DAUPHIN COUNTY AND WARDEN GREGORY BRIGGS

66.     All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

67.     At all relevant times, Defendants Dauphin County and Warden Gregory Briggs had for many years adopted and maintained a policy, custom, and/or practice of condoning and/or acquiescing to the violation of the constitutional rights of citizens, including, but not limited to, permitting the unlawful assault and battery of and use of excessive force against pretrial detainees by prison staff and remaining deliberately indifferent to the safety of pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the

United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

68.     Defendants Dauphin County and Warden Gregory Briggs had for many years and at all relevant times adopted and maintained a recognized and accepted policy, custom, and/or practice of systematically failing to adequately test, hire, train, supervise, and discipline prison staff, including but not limited to the individually named defendants, regarding appropriate procedures for use of force against pretrial detainees and/or protection of inmates from assaults, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

69.     Defendants Dauphin County and Warden Gregory Briggs have been deliberately indifferent to the rights of citizens to be free from excessive force and cruel and unusual punishment, as well as to be protected from assaults, which deliberate indifference violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

70.     Defendants Dauphin County and Warden Gregory Briggs have knowingly adopted and maintained for many years recognized and accepted customs, policies, and/or practices within Dauphin County Prison that increase the risk of danger to inmates such as Decedent and that ultimately resulted in Decedent's above-described injuries, including but not limited to:

a. Failing to have and/or enforce appropriate use of force procedures, policies, and training to prevent prison staff from assaulting, battering, and otherwise using excessive force against inmates;

b. Failing to have and/or enforce appropriate security classification/custody procedures, policies, and training to respond to information regarding unconstitutional uses of force by prison staff and/or assaults by inmates upon inmates;

c. Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure prison staff act to prevent and/or intervene in prison staff assaults and/or inmate-on-inmate assaults, as well as uses of excessive force against inmates.

71. Defendants Dauphin County and Warden Gregory Briggs have been aware of the aforementioned customs, policies, and/or practices for a substantial period of time and, despite said knowledge, were deliberately indifferent of the constitutional rights of citizens by failing to:

a. Take steps to terminate them;

b. Discipline or otherwise properly supervise the defendant prison staff who engaged in them;

c. Sanctioned them instead of effectively training the defendant prison staff with regard to the proper constitutional and statutory limits to the exercise of their authority, as well as their duty to protect inmates in their custody.

72. Defendants Dauphin County and Warden Gregory Briggs effectively condoned, acquiesced to, participated in, and perpetrated the aforementioned customs, policies, and/or practices, in violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States,

the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983, by failing to take action to stop or limit to the aforementioned customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses and failure to protect inmates which occurred in accordance with and as a direct and proximate result of the same.

73.     These customs, policies, and/or practices are shown by the numerous accounts of inmates of Dauphin County Prison suffering uses of excessive force, including but not limited to:

   a.  In 2007, the Dauphin County District Attorney was called upon to investigate approximately twenty (20) allegations of excessive force against inmates of Dauphin County Prison. *Associated Press, "Authorities Investigate Inmates' Abuse Claims in Dauphin County", June 4, 2007, available at* https://archive.triblive.com/news/authorities-investigate-inmates-abuse-claims-in-dauphin-county/.

   b.  The complaint of Riley, et al., v. Clark, et al., 4:20-cv-00325 (M.D. Pa.), in which Plaintiffs allege defendant prison staff used excessive force in repeatedly beating a pretrial detainee about the head and body, ultimately causing his death, on June 18 – 26, 2019.

   c.  Several more allegations of excessive force used against inmates were discovered by journalists in 2018 and 2019. *Hall, Mark, "Others Claim Beatings at Dauphin County Prison", ABC27 WHTM, July 30, 2019, available at* https://www.abc27.com/local-news/harrisburg/others-claim-beatings-at-dauphin-county-prison/.

74.   As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants Dauphin County and Warden Gregory Briggs, Decedent suffered the injuries described above.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory damages against Defendants Dauphin County and Warden Gregory Briggs, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

COUNT VI – 42 U.S.C. § 1983
*MONELL* CLAIM—DENIAL OF MEDICAL CARE
JOHNJUAN WHITE V. DAUPHIN COUNTY, PRIMECARE MEDICAL, INC., WARDEN GREGORY
BRIGGS, CEO THOMAS WEBER, ESQ., AND CORPORATE MEDICAL DIRECTOR DR. CARL
HOFFMAN

75.   All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

76.   At all relevant times, Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffman had for many years adopted and maintained a policy, custom, and/or practice of condoning and/or acquiescing to the violation of the constitutional rights of citizens, including, but not limited to, denying medical care to pretrial detainees and remaining deliberately indifferent to the serious medical needs of pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

77.   Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffman had for many years and at all relevant times adopted and maintained a recognized

and accepted policy, custom, and/or practice of systematically failing to adequately test, hire, train, supervise, and discipline prison staff and/or medical providers, including but not limited to the individually named defendants, regarding appropriate procedures for providing medical care and adequate diagnostic testing to pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

78.     Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffman have been deliberately indifferent to the rights of citizens to receive necessary and proper medical care of their serious medical needs while imprisoned, which deliberate indifference violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

79.     Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffman have knowingly adopted and maintained for many years recognized and accepted customs, policies, and/or practices within Dauphin County Prison that increased the risk of danger to inmates such as Decedent and that ultimately resulted in Decedent's above-described injuries and ultimate death, including but not limited to:

a. Failing to have and/or enforce appropriate medical care procedures, policies, and training to prevent prison staff and medical providers from denying inmates necessary medical care and/or diagnostic testing;

b. Failing to have and/or enforce appropriate procedures, policies, and training to respond to information regarding medical needs of inmates;

c. Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure prison staff act to prevent and/or intervene in prison staff and medical providers denying adequate care to inmates.

80. Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffman have been aware of the aforementioned customs, policies, and/or practices for a substantial period of time and, despite said knowledge, were deliberately indifferent of the constitutional rights of citizens by failing to:

a. Take steps to terminate them;

b. Discipline or otherwise properly supervise the defendant prison staff and/or medical providers who engaged in them;

c. Sanctioned them instead of effectively training the defendant prison staff and/or medical providers with regard to the proper constitutional and statutory duties regarding medical care owed to inmates in their custody and care.

81. Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., and/or Corporate Medical Director Dr. Carl Hoffman effectively condoned, acquiesced to, participated in, and perpetrated the aforementioned customs, policies, and/or practices, in violation of Decedent's

rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983, by failing to take action to stop or limit to the aforementioned customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the same.

82.    These customs, policies, and/or practices are shown by the numerous accounts of inmates of Dauphin County Prison suffering denial of medical care, including but not limited to:

a.    Between 2009 and January of 2022, at least twenty-six (26) inmates died in Dauphin County Prison custody, including the highest rate of inmate deaths in all of Pennsylvania in 2019, prompting Defendant Dauphin County to hire an expert to audit Dauphin County Prison in 2021. *Vendel, Christine, "Man Died in Dauphin County Prison, Marking the 5th Death in 10 Months", PennLive, January 31, 2022, available at* https://www.pennlive.com/news/2022/01/man-dies-in-dauphin-county-prison-marking-the-5th-death-in-10-months.html;

b.    The complaint of Riley, et al., v. Clark, et al., 4:20-cv-00325 (M.D. Pa.), in which Plaintiffs allege defendant prison staff used excessive force in repeatedly beating a pretrial detainee about the head and body and then offered no medical treatment for his injuries, ultimately causing his death, on June 18 – 26, 2019.

83.    As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., and/or Corporate

Medical Director Dr. Carl Hoffman, Decedent suffered the injuries described above.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory damages against Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., and Corporate Medical Director Dr. Carl Hoffman, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

COUNT VII – 42 U.S.C. § 1983
SUPERVISORY LIABILITY—EXCESSIVE FORCE
JOHNJUAN WHITE V. WARDEN GREGORY BRIGGS, AND PRISON STAFF MCCLERG,
VENTURA, PECHO, AND JOHN/JANE DOE 1 – 10

84.   All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

85.   At all relevant times, Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 had for many years adopted and maintained a policy, custom, and/or practice of condoning and/or acquiescing to the violation of the constitutional rights of citizens, including, but not limited to, permitting the unlawful assault and battery of and use of excessive force against pretrial detainees by prison staff and remaining deliberately indifferent to the safety of pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

86.   Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 had for many years and at all relevant times adopted and maintained a recognized and accepted policy, custom, and/or practice

of systematically failing to adequately test, hire, train, supervise, and discipline prison staff, including but not limited to the individually named defendants, regarding appropriate procedures for use of force against pretrial detainees and/or duty to protect inmates, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

87.   Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10  have been deliberately indifferent to the rights of citizens to be free from excessive force and/or cruel and unusual punishment, which deliberate indifference violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

88.   Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 have knowingly adopted and maintained for many years recognized and accepted customs, policies, and/or practices within Dauphin County Prison that increase the risk of danger to inmates such as Decedent and that ultimately resulted in Decedent's above-described injuries and ultimate death, including but not limited to:

a.   Failing to have and/or enforce appropriate use of force procedures, policies, and training to prevent prison staff from assaulting, battering, and otherwise using excessive force against inmates;

b. Failing to have and/or enforce appropriate security classification/custody procedures, policies, and training to respond to information regarding unconstitutional uses of force by prison staff;

c. Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure prison staff act to prevent and/or intervene in prison staff assaults and uses of excessive force against inmates.

89. Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 have been aware of the aforementioned customs, policies, and/or practices for a substantial period of time and, despite said knowledge, were deliberately indifferent of the constitutional rights of citizens by failing to:

a. Take steps to terminate them;

b. Discipline or otherwise properly supervise the defendant prison staff who engaged in them;

c. Sanctioned them instead of effectively training the defendant prison staff with regard to the proper constitutional and statutory limits to the exercise of their authority.

90. Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10 effectively condoned, acquiesced to, participated in, and perpetrated the aforementioned customs, policies, and/or practices, in violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983, by failing to take action to stop or limit to the aforementioned

customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the same.

91.   These customs, policies, and/or practices are shown by the numerous accounts of inmates of Dauphin County Prison suffering uses of excessive force, including but not limited to:

a.   In 2007, the Dauphin County District Attorney was called upon to investigate approximately twenty (20) allegations of excessive force against inmates of Dauphin County Prison. *Associated Press, "Authorities Investigate Inmates' Abuse Claims in Dauphin County", June 4, 2007, available at* https://archive.triblive.com/news/authorities-investigate-inmates-abuse-claims-in-dauphin-county/.

b.   The complaint of Riley, et al., v. Clark, et al., 4:20-cv-00325 (M.D. Pa.), in which Plaintiffs allege defendant prison staff used excessive force in repeatedly beating a pretrial detainee about the head and body, ultimately causing his death, on June 18 – 26, 2019.

c.   Several more allegations of excessive force used against inmates were discovered by journalists in 2018 and 2019. *Hall, Mark, "Others Claim Beatings at Dauphin County Prison", ABC27 WHTM, July 30, 2019, available at* https://www.abc27.com/local-news/harrisburg/others-claim-beatings-at-dauphin-county-prison/.

92.   At all relevant times, in addition and/or in the alternative to the above, Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, directed and/or knew of and acquiesced to the deprivations of Decedent's rights described above.

93.   As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, Decedent suffered the injuries described above.

94.   The above-described acts and failures to act of Defendants Warden Gregory Briggs, and/or Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Warden Gregory Briggs and Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT VIII – 42 U.S.C. § 1983**
**SUPERVISORY LIABILITY—DENIAL OF MEDICAL CARE**
**JOHNJUAN WHITE V. ALL INDIVIDUALLY NAMED DEFENDANTS**

95.   All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

96.   At all relevant times, Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree

Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 had for many years adopted and maintained a policy, custom, and/or practice of condoning and/or acquiescing to the violation of the constitutional rights of citizens, including, but not limited to, denying medical care to pretrial detainees and remaining deliberately indifferent to the serious medical needs of pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of ==42 U.S.C. § 1983==.

97.     Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 had for many years and at all relevant times adopted and maintained a recognized and accepted policy, custom, and/or practice of systematically failing to adequately test, hire, train, supervise, and discipline prison staff and/or medical providers, including but not limited to the individually named defendants, regarding appropriate procedures for providing medical care

and/or diagnostic testing to pretrial detainees, which policy, custom, and/or practice violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

98.     Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 have been deliberately indifferent to the rights of citizens to receive necessary medical care while imprisoned, which deliberate indifference violated Decedent's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

99.     Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash,

Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 have knowingly adopted and maintained for many years recognized and accepted customs, policies, and/or practices within Dauphin County Prison that increase the risk of danger to inmates such as Decedent and that ultimately resulted in Decedent's above-described injuries, including but not limited to:

a.  Failing to have and/or enforce appropriate medical care procedures, policies, and training to prevent prison staff and medical providers from denying inmates necessary medical care and/or diagnostic testing;

b.  Failing to have and/or enforce appropriate procedures, policies, and training to respond to information regarding medical needs of inmates;

c.  Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure prison staff act to prevent and/or intervene in prison staff and medical providers denying adequate care to inmates.

100.  Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 have been aware of the aforementioned customs, policies,

and/or practices for a substantial period of time and, despite said knowledge, were deliberately indifferent of the constitutional rights of citizens by failing to:

a. Take steps to terminate them;

b. Discipline or otherwise properly supervise the defendant prison staff and medical providers who engaged in them;

c. Sanctioned them instead of effectively training the defendant prison staff and medical providers with regard to the proper constitutional and statutory duties owed to inmates in their custody and care.

101. Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 effectively condoned, acquiesced to, participated in, and perpetrated the aforementioned customs, policies, and/or practices, in violation of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983, by failing to take action to stop or limit to the aforementioned customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses

which occurred in accordance with and as a direct and proximate result of the same.

102.    These customs, policies, and/or practices are shown by the numerous accounts of inmates of Dauphin County Prison suffering denial of medical care, including but not limited to:

a.    Between 2009 and January of 2022, at least twenty-six (26) inmates died in Dauphin County Prison custody, including the highest rate of inmate deaths in all of Pennsylvania in 2019, prompting Defendant Dauphin County to hire an expert to audit Dauphin County Prison in 2021. *Vendel, Christine, "Man Died in Dauphin County Prison, Marking the 5th Death in 10 Months", PennLive, January 31, 2022, available at* https://www.pennlive.com/news/2022/01/man-dies-in-dauphin-county-prison-marking-the-5th-death-in-10-months.html;

b.    The complaint of Riley, et al., v. Clark, et al., 4:20-cv-00325 (M.D. Pa.), in which Plaintiffs allege defendant prison staff used excessive force in repeatedly beating a pretrial detainee about the head and body and then offered no medical treatment for his injuries, ultimately causing his death, on June 18 – 26, 2019.

103.    At all relevant times, and in addition and/or in the alternative to the above, Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica

Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10, directed and/or knew of and acquiesced to the deprivations of Decedent's rights described above

104. As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10, Decedent suffered the injuries described above.

105. The above-described acts and failures to act of Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10, in their

individual capacities, were so malicious, intentional, and reckless and displayed

such reckless indifference to Plaintiff's rights and well-being that the imposition of

punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and

punitive damages against Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq.,

Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and

John/Jane Doe 1 – 10; Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut,

Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla

Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree

Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred

Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S.,

Gina F., and John/Jane Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully

and adequately compensate Plaintiff and deter the defendants and those similarly situated,

plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT IX – 42 U.S.C. § 1983
#### CONSPIRACY
#### JOHNJUAN WHITE V. ALL INDIVIDUALLY NAMED DEFENDANTS

106.    All of the preceding paragraphs are incorporated by reference as if fully set forth

herein.

107.    As demonstrated by their continuous and concerted conduct, Defendants Warden

Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl

Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as

well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica

Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla

Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela

Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 entered into an agreement and/or reached a meeting of the minds to violate Plaintiff's constitutional rights in the ways described above.

108. The above-described acts and failures to act of Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and/or John/Jane Doe 1 – 10, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10, in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10; Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash,

Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and John/Jane Doe 1 –

10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff

and deter the defendants and those similarly situated, plus interest, costs, attorney's fees, and all

other appropriate relief.

### COUNT X – PENNSYLVANIA COMMON LAW
### ASSAULT AND BATTERY
### JohnJuan White v. Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10

109.   All of the preceding paragraphs are incorporated by reference as if fully set forth
herein.

110.   The above-described actions of Defendants Prison Staff McClerg, Ventura, Pecho,
and/or John/Jane Doe 1 – 10 constituted an unnecessary and excessive use of force to
carry out Defendants' law enforcement and/or correctional duties.

111.   The above-described actions of Defendants Prison Staff McClerg, Ventura,
Pecho, and John/Jane Doe 1 – 10 put Decedent in reasonable fear of imminent
bodily harm and resulted in him being unlawfully and improperly touched,
assaulted, battered, and abused against his will.

112.   The above-described actions were so malicious, intentional, gross, wanton, and
reckless and displayed such a reckless indifference to Decedent's rights and
well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory and

punitive damages against Defendants Prison Staff McClerg, Ventura, Pecho, and John/Jane

Doe 1 – 10, jointly and/or severally, in an amount sufficient to fully and adequately

compensate Plaintiff and punish and deter the defendant and those similarly situated, plus

interest, costs, attorney's fees, and all other appropriate relief.

### COUNT XI – PENNSYLVANIA COMMON LAW

**NEGLIGENCE, GROSS NEGLIGENCE, AND VICARIOUS LIABILITY**
**JOHNJUAN WHITE V. PRIMECARE MEDICAL, INC., CEO THOMAS WEBER, ESQ., CORPORATE**
**MEDICAL DIRECTOR DR. CARL HOFFMAN, AND MEDICAL PROVIDERS TYKEISHA METZ,**
**KATELIN WRIGHT, JOSEPH MACUT, JESSICA NYE, TIFFANY LONG, ADDONNA THOMAS,**
**SHAYNE GOODMAN, TIFFANY LONG, KAYLA ZELDERS-HEICHEL, ADAM BOERMAN, WILLIAM**
**YOUNG, GARRETT ROSAS, ANGELA BARNETT, CHEREE SULTZBACH, JOHANNA RIEDEL,**
**JESSICA GLASPER, SHARON CHRISTIE, MELISSA BARBOSA, MILDRED MONTALVO, DOUGLAS**
**EASH, SUSAN DELOE, TIA DRABICH, STEPHANIE DIETZ, TRACY P., KATIE S., GINA F., AND**
**JOHN/JANE DOE 1 – 10**

113.    All of the preceding paragraphs are incorporated by reference as if fully set

forth herein.

114.    The negligence, gross negligence, and/or carelessness of Defendants CEO

Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman, as well as

Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye,

Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-

Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett,

Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa

Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie

Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10; includes but is

not limited to:

a.    Failure to recommend appropriate diagnostic testing and/or treatment for

Decedent's repeated head injuries;

b.    Failure to recognize the significance of the patient's ongoing and worsening

symptoms of headache, difficulty sleeping, difficulty breathing, high blood

pressure, and chest pain;

c.    Failure to properly monitor the Decedent;

d.    Failure to attempt to rule out subdural hematoma;

e.    Failure follow known and appropriate medical standards of care with regard

to repeated head injuries and Decedent's symptoms;

    f.   Failure to recognize the Decedent's condition was failing to improve and/or was worsening;

    g.   Failure to properly treat the Decedent's traumatic brain injuries;

    h.   Failure to notice the signs and symptoms of traumatic brain injury; and

    i.   Failure to adequately and appropriately evaluate the Decedent's clinical symptoms;

115.   Defendants PrimeCare Medical, Inc., CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10, individually and acting through their authorized agents, ostensible agents, servants, workman and employees undertook and/or assumed a duty to render reasonable, proper, adequate and appropriate medical care to Plaintiff's Decedent and to protect him from harm and avoid harm, and these Defendants breached said duty as set forth herein.

116.   Plaintiff and Plaintiff's Decedent relied upon the knowledge skill, treatment, and advice of these Defendants.

117.   The negligence, gross negligence, and/or carelessness of these Defendants as set forth herein caused harm, increased the harm, and was a substantial factor in causing the injuries and wrongful death of the Plaintiff's Decedent.

118.   Defendant PrimeCare Medical, Inc., is liable for the negligent and/or grossly negligent conduct of Defendants CEO Thomas Weber, Esq., Corporate Medical

Director Dr. Carl Hoffman, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10, pursuant to the principles of agency, ostensible agency, vicarious liability and/or respondeat superior.

119.   Accordingly, the negligence and/or gross negligence of Defendants CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman, as well as Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 is imputed to the Defendants set forth in the paragraph.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory and punitive damages against Defendants PrimeCare Medical, Inc., CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and John/Jane Doe 1 – 10, jointly and/or

severally, in an amount sufficient to fully and adequately compensate Plaintiff and punish and deter the defendant and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT XII – PENNSYLVANIA COMMON LAW CORPORATE NEGLIGENCE AND GROSS NEGLIGENCE JohnJuan White v. PrimeCare Medical, Inc.

120. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

121. The direct corporate negligence, gross negligence, and carelessness of Defendant PrimeCare Medical, Inc., includes but is not limited to:

 a. Failure to properly train its employees, agents, and ostensible agents on the proper method for assessing and treating head injuries;

 b. Failure to properly train its employees, agents, and ostensible agents to recognize the signs and symptoms of traumatic brain injury;

 c. Failure to oversee Defendants Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and/or John/Jane Doe 1 – 10 in their assessment and treatment of Decedent's head injuries;

 d. Failure to adopt, formulate, and/or enforce adequate rules, policies, and/or procedures to recognize the signs and symptoms of patients suffering from traumatic brain injury;

     e.   Failure to competently oversee evaluation, treatment, and/or diagnostic testing of patients suffering from traumatic brain injury;

     f.   Failure to select and train competent medical providers in the evaluation and treatment of head injuries; and

     g.   Establishing improper and incomplete policies regarding evaluation, treatment, and/or diagnostic testing of inmates who suffer head injuries at the hands of other inmates or prison staff.

122.    Defendant PrimeCare Medical, Inc., had actual and/or constructive knowledge of the above acts and omissions which caused harm, increased harm, and were substantial factors in causing the injuries and wrongful death of Decedent.

123.    The direct corporate negligence, gross negligence, and/or carelessness of Defendant PrimeCare Medical, Inc., as described above, caused harm, increased the harm, and was a substantial factor in causing the injuries and wrongful death of Decedent.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory damages against Defendant PrimeCare Medical, Inc., in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT IX – 42 PA. C.S. § 8301**
**WRONGFUL DEATH**
**JOHN JUAN WHITE V. ALL DEFENDANTS**

124.    All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

125.    Plaintiff brings this action pursuant to the Wrongful Death Act, 42 Pa. C.S.
§ 8301 and claims all damages recoverable under the Pennsylvania Wrongful
Death Act.

126.    As a direct and proximate result of the above-described actions and omissions
of the defendants, Decedent, his family, his minor son J.B.K., and his estate
have suffered severe pecuniary losses and damages, including the following:

a.  Funeral, burial, and estate administration expenses;

b.  An amount that will fairly and adequately compensate the family
members of the decedent for their loss of such contributions as they would
have received between the time of the death of the decedent and today,
including all monies that the decedent would have spent for or given to
his family;

c.  An amount that will fairly and adequately compensate his family for the
loss of such contributions as the decedent would have contributed to the
support of his family between today and the end of his normal life
expectancy; and

d.  An amount which will fairly and adequately compensate his family for the
pecuniary and emotional value of the services, society and comfort that he
would have given to his family had he lived including such elements as
provision of physical comfort and services and provision of society and
comfort.

**WHEREFORE**, pursuant to 42 Pa. C.S. § 8301, Plaintiff demands compensatory damages
against Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs,
CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff
McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10; Medical Providers Tykeisha Metz,

Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne

Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett

Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon

Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich,

Stephanie Dietz, Tracy P., Katie S., Gina F., and John/Jane Doe 1 – 10 in an amount

sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees,

and all other appropriate relief.

### COUNT IX – 42 PA. C.S. § 8302
#### SURVIVOR ACTION
#### JOHNJUAN WHITE V. ALL DEFENDANTS

127.   All of the preceding paragraphs are incorporated by reference as if fully set

forth herein.

128.   Plaintiff brings this action on behalf of the Estate of Jimmy King, deceased,

by virtue of the Pennsylvania Survival Act, 42 Pa. C.S. § 8302, and claims all

benefits of the Survival Act on behalf of Jimmy King's estate and other

persons entitled to recover under law.

129.   As a direct and proximate result of Defendants' wrongdoing, as set forth

above, Plaintiff claims on behalf of the Estate of Jimmy King all damages

suffered by the Estate by reason of the death of Jimmy King, including:

a.   The severe injuries to Decedent, which resulted in his death;

b.   The anxiety, horror, fear of impending death, mental disturbance, pain,

suffering and other intangible losses which Decedent suffered prior to his

death;

c.   The loss of past, present, and future earning capacity suffered by

Decedent, from the date of his death until the time in the future he would

have lived had he not died as a result of the injuries he sustained;

d.  Expenses for medical care;

e.  The loss and total limitation and deprivation of his normal activities,
    enjoyment of life, pursuits, and life's pleasures from the date of his death
    until such time in the future as he would have lived had he not died as a
    result of the injuries sustained.

**WHEREFORE**, pursuant to 42 Pa. C.S. § 8302, Plaintiff demands compensatory damages against Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, CEO Thomas Weber, Esq., Corporate Medical Director Dr. Carl Hoffman; Prison Staff McClerg, Ventura, Pecho, and John/Jane Doe 1 – 10; Medical Providers Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Tiffany Long, Addonna Thomas, Shayne Goodman, Tiffany Long, Kayla Zelders-Heichel, Adam Boerman, William Young, Garrett Rosas, Angela Barnett, Cheree Sultzbach, Johanna Riedel, Jessica Glasper, Sharon Christie, Melissa Barbosa, Mildred Montalvo, Douglas Eash, Susan Deloe, Tia Drabich, Stephanie Dietz, Tracy P., Katie S., Gina F., and John/Jane Doe 1 – 10 in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief

ABRAMSON & DENENBERG, P.C.

BY:  _/s/ Alan Denenberg_
ALAN E. DENENBERG, ESQ.

THE CHAVEZ-FREED LAW OFFICE

BY:  _/s/ Leticia C. Chavez-Freed_
LETICIA C. CHAVEZ-FREED, ESQ.