

225 Market Street
Suite 304 ●P.O. Box 1245
Harrisburg, PA  17108-1245
**PHONE:**  717-233-6633
**FAX:**  717-233-7003
flavery@laverylaw.com
www.laverylaw.com

April 5, 2023

VIA ECF:

The Honorable Christopher C. Conner
The United States District Court for the Middle District of Pennsylvania
228 Walnut Street
Harrisburg, Pennsylvania 17108

      RE:    White v. PrimeCare Medical, Inc., et al.
              Docket No.:  1:22-cv-01241

Dear Judge Conner:

      We are in receipt of the correspondence of this date submitted to the Court by Attorney Chavez-Freed.  We wish to correct several inaccurate statements related to our clients Dauphin County and Gregory Briggs ("Warden Briggs").

      First, Attorney Chavez-Freed incorrectly represents that the County and Warden Briggs did not include verifications with the discovery responses served on March 8, 2023.  The written discovery responses of the County and Warden Briggs were accompanied by a verification signed and dated by Warden Briggs.  Second, Attorney Chavez-Freed did not discuss the errors in the written discovery requests directed to Warden Briggs and Dauphin County.  Plaintiff served written discovery requests addressed to "Dauphin County Staff."  Plaintiff included Warden Briggs and the individual corrections officers named as defendants as "Dauphin County Staff."  We represent only the County and Warden Briggs.  The remaining individual defendants are represented by other counsel.  We cannot answer or respond to discovery requests on behalf of defendants we do not represent.  Next, the caption included on Plaintiff's written discovery requests was incorrect or improperly amended without leave of Court.  Specifically, the caption included the Dauphin County Judicial Center as a defendant.  The Dauphin County Judicial Center is not named as a defendant in Plaintiff's Complaint or in Plaintiff's Amended Complaint.  Finally, the instructions and definitions accompanying Plaintiff's written discovery requests defines the incident in question as Plaintiff's confinement in [sic] Dauphin County Judicial Center from on or about August 7, 2020, to August 21, 2020.  The Plaintiff/Decedent was not confined at the Dauphin County Judicial Center over the identified period.  Despite the errors in Plaintiff's

written discovery, we answered the discovery requests on behalf of Warden Briggs as best we could. The answers and responses included a verification signed and dated by Warden Briggs.

Turning to the Plaintiff's written discovery served on Dauphin County, the same incorrect or improperly amended caption was affixed. The introduction includes an instruction that the discovery requests must be answered by an authorized agent or representative of Dauphin County d/b/a Dauphin County Judicial Center. As noted above, the Dauphin County Judicial Center is not a defendant in this case. Plaintiff's written discovery served on the County includes the same definition of the incident in question. Plaintiff/Decedent was not confined at the Dauphin County Judicial Center from on or about August 7, 2020, to August 21, 2020.

Next, Attorney Chavez-Freed advised the Court that she has requested depositions of a limited number of defendants and has been "put off." Attorney Chavez-Freed has not requested to schedule the deposition of Warden Briggs or a representative of Dauphin County. The requests that Attorney Chavez-Freed has made are for defendants who are not represented by our office.

Additionally, Dauphin County and Warden Briggs have already produced 502 pages of documents with the initial disclosures served on February 23, 2023. The large initial production of documents was, as referenced by Attorney Chavez-Freed, to "responsibly litigate this case."

Finally, I spoke with Attorney Chavez-Freed after the written discovery responses were served. I asked Attorney Chavez-Freed to identify any answers/responses she believes are deficient and to provide us with proper interrogatories addressed to the proper individuals. The County and Warden Briggs answered/responded to the written discovery requests that Plaintiff previously served. We will also respond to the amended discovery, although under the CMP we are technically not obligated to do so.

The County and Warden Briggs do not oppose a discovery conference in this matter.

Respectfully submitted,

*/s/ Frank J. Lavery, Jr.*

Frank J. Lavery, Jr.