**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JohnJuan White Administrator of the Estate of Jimmy King, Deceased | : : : | CIVIL ACTION |
| Plaintiff | : : | |
| V. | : : | NO. 1:22-cv-01241 |
| Dauphin County, et al., | : : | JURY TRIAL DEMANDED |
| Defendants | : | |

**STIPULATION AND PROTECTIVE ORDER GOVERNING**
**CONFIDENTIALITY OF DOCUMENTS AND INFORMATION**
**OF DAUPHIN COUNTY**

Plaintiff has requested that Defendant Dauphin County produce documents and relevant Dauphin County Prison video, if such documents or videos exist. To the extent the relevant documents or videos exist, and are not subject to objection and/or privilege, existing relevant documents and videos will be hereinafter referred to as "Proprietary Information". The Proprietary Information contain confidential and proprietary information, the disclosure of which would cause harm to Dauphin County, Dauphin County Prison and/or the individual Defendants. The parties wish to protect against the disclosure and dissemination of such confidential information to unauthorized third parties, or to the public at large.

THEREFORE, the parties agree that the following provisions will govern the handling of the Proprietary Information throughout the proceedings in this action including discovery, mediation, hearing, and any appeal.

1. Each page of the Proprietary written Documents will be marked "Confidential." All videos produced by Dauphin County will be considered Proprietary Information.

2. The Proprietary Information or any part of them may be used only in connection with this action, and not for any other purpose. Likewise, the contents of the Proprietary Information shall be preserved and not disclosed. Further, neither the Proprietary written Documents or videos nor any information contained in the Proprietary written Documents or videos may be disclosed to anyone except as provided in this Confidentiality Agreement.

3. The Proprietary Information and any copies or excerpts of it may be made available only to the following:

    a. Counsel of record for the receiving party engaged in the proceedings to this action and their employees and the parties to this action;

    b. The Court in this proceeding, including all of its legal and clerical personnel, or any judicial body before which this action is subsequently pending;

    c. Experts or consultants retained to assist in this litigation;

    d. Representatives of the parties to this action who are actively involved in assisting counsel and who agree, by signing an acknowledgment as provided for in the following section of this order, to use the information solely for the purposes of this action; and

    e. Any other persons mutually agreed to in writing by the parties and who agree to use the information solely for the purposes of this action.

  4. Each person falling within categories 3c, 3d and 3e to whom the Proprietary Information is given, shown, made available or communicated by an adverse party must first be provided with a copy of this Confidentiality Agreement for review, and must sign an Agreement, attached to this Confidentiality Agreement as **Exhibit A**, not to disclose or to use such information except in accordance with the terms of this Confidentiality Agreement.  Counsel of record for each party shall maintain a file of all respective agreements signed by persons who have received or reviewed the Proprietary Information.  This file shall, upon reasonable request, be available for inspection by counsel of record for the other parties to this Confidentiality Agreement.

5.     Before disclosure is made to persons in category 3e, counsel for the party to which the Proprietary Information is produced must provide advance notice to the other parties to this Confidentiality Agreement of its intent to disclose before disclosing the Proprietary Information or contents thereof.  The parties agree that any person described in category 3d shall be bound by the same disclosure restrictions as agreed to by the parties and counsel for the parties.

6.     The use of the Proprietary Information at a hearing or trial shall be subject to such an Order of the Court as may, at the time, be reasonably necessary to preserve the confidentiality of the material involved after due notice and the opportunity to be heard has been given to the producing party.  The parties stipulate that leave of Court will not be necessary to file Proprietary/Confidential written Documents or videos under seal for dispositive motions.  The parties stipulate that both parties may file the Proprietary/Information under seal for the purpose of dispositive motions.

6.1    Timing of Challenges. Plaintiff may challenge a designation of confidentiality at any time. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, Plaintiff does not waive his/her right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly by phone or in person within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may contact the Court to schedule a telephone conference within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Frivolous challenges, and those made for an

improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Confidential designation until the Court rules on the challenge.

7.  When any such document is included in any authorized transcript of a deposition or the exhibits thereto, arrangements shall be made by the party noticing the deposition with the court reporter taking the deposition to bind the transcript and label it "CONFIDENTIAL."

8.  Within 30 days of the final disposition of this action, counsel for the parties shall return or destroy the Proprietary Information and all copies of them.

9.  This Confidentiality Agreement may be modified only by Court Order or by written agreement of the parties.

[THIS SPACE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties by their undersigned counsel have executed this Confidentiality Agreement as of June 15, 2023.

Date:  June 15, 2023          By: *s/Leticia C. Chavez-Freed*
                              LETICIA C. CHAVEZ-FREED, Counsel
                              for Plaintiff

Date: June 15, 2023          By: *s/Alan E. Denenberg*
                             ALAN E. DENENBERG, Counsel
                             for Plaintiff


Date: June 15, 2023          By: *s/Frank J. Lavery, Jr.*
                             FRANK J. LAVERY, JR., Counsel for
                             Dauphin County Defendants


Date: June 15, 2023          By: *s/Donald L. Carmelite*
                             DONALD L. CARMELITE, Counsel for
                             Defendants McClerg, Pecho, & Ventura


Date: June 15, 2023          By: *s/John R. Ninosky*
                             JOHN R. NINOSKY, Counsel for
                             PrimeCare Medical, Inc. Defendants

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JohnJuan White Administrator of the Estate of Jimmy King, Deceased | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| V. | : | NO. 1:22-cv-01241 |
| | : | |
| Dauphin County, et al., | : | JURY TRIAL DEMANDED |
| Defendants | : | |

# AGREEMENT

I hereby acknowledge that I will be given access to Proprietary Information so designated in this case, and I understand that such information is subject to a Confidentiality Agreement between Plaintiff and counsel for the parties, and that I further acknowledge:

1. I have read the Confidentiality Agreement;

2. I have been advised by counsel in this case that my access to the Proprietary Documents is conditional upon my agreement to be bound by the Confidentiality Agreement; and

3. I hereby agree to be legally bound by the terms of the Confidentiality Agreement and any Order of Court issued incidental to it.

_____
Signature

_____
Name

_____

_____
Address

Role in this case _____

_____


_____
Date