## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNJUAN WHITE, as Administrator of the ESTATE OF JIMMY KING, Deceased, | : : : | NO.: 1:22-cv-01241-CCC |
| Plaintiff | : | CIVIL ACTION – LAW |
| | : | JUDGE CHRISTOPHER C. CONNER |
| v. | : : | *Electronically Filed* |
| DAUPHIN COUNTY, *et al.*, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**<u>OMNIBUS BRIEF OF THE PRIMECARE DEFENDANTS
IN SUPPORT OF THEIR PARTIAL MOTIONS TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT (DOC. 74)</u>**

Filed on behalf of PrimeCare Defendants:

MARSHALL DENNEHEY, P.C.

John R. Ninosky, Esquire
PA I.D. No. 78000
200 Corporate Center Drive, Suite 300
Camp Hill, PA  17011
Telephone:  (717) 651-3709
Facsimile:  (717) 651-3707
Email:  jrninosky@mdwcg.com
*Attorney for Defendants*

Date:  January 2, 2024

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ........................................................................ii

I.     HISTORY OF CASE .........................................................................1

II.    ISSUES............................................................................................4

III.   ARGUMENT ...................................................................................5

      A.     PLAINTIFF'S CLAIM FOR THE ALLEGED DENIAL OF MEDICAL CARE SHOULD BE DISMISSED BECAUSE THE SECOND AMENDED COMPLAINT FAILS TO DEMONSTRATE A DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL CONDITION OR PERSONAL INVOLVEMENT OF ANY OF THE DEFENDANTS..........................6

      B.     PLAINTIFF'S *MONELL* CLAIM SHOULD BE DISMISSED AS TO THOMAS WEBER AND CARL HOFFMAN, DO AS BEING REDUNDANT, THERE IS NO UNDERLYING VIOLATION OF MR. KING'S CONSTITUTIONAL RIGHTS AND THE SECOND AMENDED COMPLAINT FAILS TO DEMONSTRATE DEFICIENT POLICIES AND PROCEDURES FOR THE PROVISION OF MEDICAL CARE. ........12

      C.     COUNT VI IS A CLAIM FOR SUPERVISORY LIABILITY AND SHOULD BE DISMISSED AS REDUNDANT OF THE MONELL CLAIM CONTAINED IN COUNT IV ...............................15

      D.     COUNT VII OF THE SECOND AMENDED COMPLAINT FOR CIVIL CONSPIRACY SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS ALLEGED NO FACTS TO ESTABLISH A PLAUSIBLE CAUSE OF ACTION FOR CIVIL CONSPIRACY. ....................................................................16

CERTIFICATION OF WORD COUNT ...............................................................18

## <u>TABLE OF AUTHORITIES</u>

<u>CASES</u>                                                                                                    <u>PAGE</u>

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ..............................................................5, 6

*Atkinson v. Taylor*,
    316 F.3d 257 (3d Cir. 2003) ....................................................................................9

*Bednar v. Cnty. of Schuylkill*,
    29 F. Supp. 2d 250 (E.D. Pa. 1998) ......................................................................9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ....................................................................5

*Bowring v. Godwin*,
    551 F.2d 44 (4th Cir. 1977)......................................................................................9

*Brown v. Muhlenberg Twp.*,
    269 F.3d 205 (3d Cir. 2001) ..................................................................................14

*Byrd v. Shannon*,
    No. 1:09-cv-1551, 2010 WL 5889519 (M.D. Pa. Nov. 24, 2010),
    *affirmed on reconsideration by Byrd v. Shannon*,
    715 F.3d 117 (3d Cir. 2013) ....................................................................................9

*Cacciatore v. City of Phila.*,
    No. 04-5596, 2005 WL 2139876 (E.D. Pa. Sept. 1, 2005) ...............................14

*City of Canton v. Harris*,
    489 U.S. 378, 109 S. Ct. 1197 (1989) ..................................................................14

*City of L.A. v. Heller*,
    475 U.S. 796 (1986) ................................................................................................13

*Cupp v. Cnty. of Lycoming*,
    No. 3:20-cv-001784, 2021 WL 4478304 (M.D. Pa. Sept. 30, 2021) ..........11, 12

*Estelle v. Gamble*,
 429 U.S. 97 (1976) ...................................................................................7, 9

*Farmer v. Brennan*,
 511 U.S. 825 (1994) .....................................................................................7

*Fowler v. UPMC Shadyside*,
 578 F.3d 203 (3d Cir. 2009) ......................................................................5, 6

*Garcia v. County of Bucks*,
 155 F. Supp. 2d 259 (E.D. Pa. 2001) ...........................................................14

*Gottlieb v. Laurel Highlands Sch. Dist.*,
 272 F.3d 168 (3d Cir. 2001) .........................................................................14

*Grazier ex rel. White v. City of Phila.*,
 328 F.3d 120 (3d Cir. 2003) .........................................................................13

*Groman v. Twp. of Manalapan*,
 47 F.3d 628 (3d Cir. 1995) ...........................................................................14

*Hampton v. Holmesburg*,
 546 F.2d 1077 (3d Cir. 1976) .......................................................................10

*Henry v. Buskirk*,
 No. 08-1348, 2011 WL 4922471, at *10 (E.D. Pa. 2011)................................13

*In re Kemmler*,
 136 U.S. 436 (1890) ......................................................................................7

*Johnson v. City of Phila.*,
 837 F.3d 343 (3d Cir. 2016) .........................................................................13

*Kentucky v. Graham*,
 473 U.S. 159 (1985) .....................................................................................15

*McCracken v. Fulton County*,
 No. 3:19-CV-1063, 2020 WL 2767577 (M.D. Pa. May 28, 2020).............10, 11

*Mieczkowski v. York City Sch. Dist.*,
    2009 U.S. Dist. LEXIS 126091, 39 (M.D. Pa. 2009)........................................17

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658, 98 S. Ct. 2018 (1978) ........................................12, 13, 14, 15, 16

*Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*,
    834 F.2d 326 (3d Cir. 1987)...............................................................................8

*Natale v. Camden Cnty. Corr. Facility*,
    318 F.3d 575 (2d Cir. 2003)......................................................................12, 13

*Okla. City v. Tuttle*,
    471 U.S. 808, 105 S. Ct. 2427 (1985) ..............................................................14

*Palakovic v. Wetzel*,
    854 F.3d 209 (3d Cir. 2017)..............................................................................12

*Pavelko v. Sweeney*,
    2017 U.S. Dist. LEXIS 158122 (E.D. Pa. 2017)...............................................17

*Pearson v. Prison Health Serv.*,
    850 F.3d 526 (3d Cir. 2017)...........................................................................8, 9

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)...............................................................................5

*Reynolds v. Wagner*,
    128 F.3d 166 (3d Cir. 1997)...............................................................................7

*Rouse v. Plantier*,
    182 F.3d 192 (3d Cir. 1999)...............................................................................8

*Stephens v. City of Englewood*,
    689 Fed. Appx. 710 (3d Cir. 2017) ..................................................................14

*Strickland v. Univ. of Scranton*,
    700 A.2d 979 (Pa. Super. 1997).......................................................................17

*Thomas v. Cumberland Cnty.*,
    749 F.3d 217 (3d Cir. 2014)...............................................................................7

*United States ex rel. Walker v. Fayette Cnty.*,
    599 F.2d 573 (3d Cir. 1979)...............................................................................9

*Walsh v. Quinn*,
    327 Fed. Appx 353 (3d Cir. 2009) ....................................................................16

*Whitley v. Albers*,
    475 U.S. 312 (1986) ...........................................................................................8

*Williams v. Corizon*,
    2013 U.S. Dist. LEXIS 127913 (E.D. Pa. 2013)...............................................16

*Woloszyn v. Cnty. of Lawrence*,
    396 F.3d 314 (3d Cir. 2005)...............................................................................8

## **STATUTES**

42 U.S.C. § 1983 ......................................................................................................12, 16

## **OTHER**

Fed. R. Civ. P. 8(a)(2) ...................................................................................................5

Fed. R. Civ. P. 12(b)(6)..................................................................................................5

I.    **HISTORY OF THE CASE**

Plaintiff commenced this action with the filing of a Complaint (Doc. 1) on August 9, 2022. Defendants PrimeCare Medical, Inc. ("PrimeCare"), Thomas Weber, Esquire, Dr. Carl Hoffman, Tykeisha Metz, Katelin Wright, Joseph Macut, Jessica Nye, Addonna Thomas, Shayne Goodman, Kayla Zeiders-Heichel, William Young, Garrett Rosas, Cheree Sultzbach, Johanna Riedel, Sharon Christie, Mildred Montalvo, Susan Deloe, Stephanie Deitz, Adam Boerman, Douglas Eash and Katie Summerville (collectively referred to as "PrimeCare Defendants"), all waived service of the Summons and filed a Partial Motion to Dismiss (Doc. 20) on October 11, 2022.

On November 8, 2022, Plaintiff filed an Amended Complaint (Doc. 27). The PrimeCare Defendants filed a Partial Motion to Dismiss the Amended Complaint (Doc. 28) on November 22, 2022. The Motion to Dismiss the Amended Complaint was partially granted by this Court by Order of September 29, 2023. (Doc. 65). The federal claims against the parties who sought dismissal were dismissed. *See* Doc. 65. This Court did permit Plaintiff to file another amended complaint. Plaintiff filed his Second Amended Complaint (Doc. 74) on December 4, 2023.

PrimeCare, Angela Barnett, Adam Boerman, Sharon Christie, Stephanie Deitz, Susan Deloe, Tia Drabich, Douglas Eash, Shayne Goodman, Dr. Carl Hoffman, Joseph Macut, Tykeisha Metz, Mildred Montalvo, Jessica Nye, Johanna Riedel, Cheree Sultzbach, Katie Summerville, Addonna Thomas, Thomas Weber, Esquire, Katelin

1

Wright, William Young, and Kayla Zeiders-Heichel filed their Partial Motion to Dismiss the Second Amended Complaint (Doc. 87) on December 18, 2023.  Jessica Glasper and Tiffany Long filed their Partial Motion to Dismiss the Second Amended Complaint on January 2, 2024.  (Doc. 93).  This Brief is filed in support of both Partial Motions to Dismiss filed by the PrimeCare Defendants.

PrimeCare has a contract to provide medical services to individuals incarcerated in the Dauphin County Prison.  Plaintiff alleges Mr. King was incarcerated on August 7, 2020.  Plaintiff alleges Mr. King was struck by other individuals on August 9, 2020.

After the incident, Plaintiff now alleges Mr. King was evaluated by medical staff who failed to note the alleged gash above Mr. King's right eye.  Plaintiff claims that all of the PrimeCare Defendants (irrespective of title or scope of practice) failed to appropriately examine Mr. King after this incident to rule out traumatic brain injury.

Plaintiff claims that on August 14, 2020, Mr. King was struck in the head with a tablet that was issued to prisoners.  Plaintiff claims that Mr. King received no medical treatment until August 19, 2020, when he presented to medical staff claiming severe headaches, chest pain, difficulty breathing, difficulty sleeping, and chest pain.  Plaintiff claims that Mr. King presented to the medical department with a complaint of a severe headache on August 20, 2020, but received no medical treatment.

The records that Plaintiff attached to the Second Amended Complaint indicate that on August 19, 2020 at approximately 23:30, Mr. King complained of a headache.  Just

shortly before, Mr. King had been provided both Motrin and Tylenol, and therefore, there was nothing additional at that time. *See* Exhibit C to Second Amended Complaint, Doc. 74, p. 56. In the early morning hours of August 20, 2020, Mr. King was screaming about pain, and security staff contacted the medical department. *See* Doc. 74, p. 56. Nurse Boerman reviewed Mr. King's vital signs and also went to Mr. King's cell. Mr. King's vital signs were within normal limits, and Mr. King was sleeping in his cell and in no apparent distress. *See* Doc. 74, p. 56. Nurse Sultzbach went to Mr. King's cell at approximately 11:09 on August 20, 2020. *See* Doc. 74, p. 56. Mr. King rolled over on his bunk and refused to engage with Nurse Sultzbach. *See* Doc. 74, p. 56. Thus, the allegations in the Second Amended Complaint as well as the records attached as Exhibits thereto indicate that Mr. King received medical care including assessments, x-ray, and medications. Moreover, Mr. King also refused additional attempts to provide care.

Plaintiff alleges that at approximately 3:00 a.m. on August 21, 2020, Mr. King was found unresponsive in his cell. Mr. King was transported to Hershey Medical Center where he was allegedly diagnosed with a subdural hematoma. Mr. King died on August 29, 2020, with an alleged cause of a death of complications of traumatic brain injury.

Count II of the Second Amended Complaint is for an alleged denial of adequate medical care. Count IV of the Second Amended Complaint is a *Monell* claim against Thomas Weber, Dr. Carl Hoffman, and PrimeCare. Mr. Weber and Dr. Hoffman have been sued in their official capacity as well PrimeCare being sued directly. Count VI of

the Second Amended Complaint is for Supervisory Liability against the individual

PrimeCare Defendants.  Count VII of the Second Amended Complaint is for Conspiracy.


II.    **ISSUES**

A.    SHOULD THIS HONORABLE COURT DISMISS PLAINTIFF'S CAUSE OF ACTION FOR ALLEGED DENIAL OF ADEQUATE MEDICAL CARE (COUNT II) WHERE PLAINTIFF'S SECOND AMENDED COMPLAINT FAILS TO DEMONSTRATE A DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL CONDITION?

B.    SHOULD THIS HONORABLE COURT DISMISS PLAINTIFF'S *MONELL* CAUSE OF ACTION (COUNT IV) AGAINST PRIMECARE MEDICAL, INC., THOMAS WEBER AND DR. CARL HOFFMAN WHERE MR. WEBER AND DR. HOFFMAN ARE SUED IN THEIR OFFICIAL CAPACITIES, PLAINTIFF CANNOT DEMONSTRATE A VIOLATION OF MR. KING'S CONSTITUTIONAL RIGHTS, AND WHERE THE SECOND AMENDED COMPLAINT DOES NOT DEMONSTRATE CONSTITUTIONALLY DEFICIENT POLICIES AND PROCEDURES FOR THE PROVISION OF MEDICAL CARE?

C.    SHOULD THIS HONORABLE COURT DISMISS PLAINTIFF'S CAUSE OF ACTION FOR SUPERVISORY LIABILITY (COUNT VI) WHERE THE INDIVIDUAL DEFENDANTS WERE SUED IN THEIR OFFICIAL CAPACITIES AND WHERE THE CAUSE OF ACTION IS REDUNDANT OF THE *MONELL* CAUSE OF ACTION?

D.    SHOULD THIS HONORABLE COURT DISMISS PLAINTIFF'S CAUSE OF ACTION FOR CIVIL CONSPIRACY (COUNT VII) WHERE THE AMENDED COMPLAINT LACKS SUFFICIENT FACTS TO DEMONSTRATE A VIABLE CAUSE OF ACTION FOR CIVIL CONSPIRACY?

*Suggested Answer as to All*:  YES

## III.   ARGUMENT

Under the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must plead sufficient factual allegations, which, taken as a whole, state a facially plausible claim to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).  A complaint satisfies the threshold of facial plausibility if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

In analyzing Plaintiff's Second Amended Complaint, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations to survive the motion. *Iqbal*, at 1949.

After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d

5

203, 210-211 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. *Id.* The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id*. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 129 S. Ct. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *Id.* As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief'." *Iqbal*, 129 S. Ct. at 1950. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. Applying this standard to the above-referenced matter, and in considering Plaintiff has has three separate opportunities to file his complaint, it is respectfully submitted that Plaintiff's Second Amended Complaint should be dismissed with prejudice.

    **A.    PLAINTIFF'S CLAIM FOR THE ALLEGED DENIAL OF MEDICAL CARE SHOULD BE DISMISSED BECAUSE THE SECOND AMENDED COMPLAINT FAILS TO DEMONSTRATE A DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL CONDITION OR PERSONAL INVOLVEMENT OF ANY OF THE DEFENDANTS.**

Plaintiff's claim is for an alleged violation of the Fourteenth Amendment since Mr. King was a pre-trial detainee. Courts have routinely found that a pre-trial detainee's

Fourteenth Amendment claims of inadequate medical care are evaluated under the same standard as a convicted prisoner's claims under the Eighth Amendment. *See Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 n. 4 (3d Cir. 2014) (stating that the Third Circuit applies "the same standard to a failure to protect claim under the Fourteenth Amendment as under the Eighth Amendment.")

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." With respect to prisoner confinement, the Eighth Amendment obligates the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 832-833 (1994); *Reynolds v. Wagner*, 128 F.3d 166, 172-173 (3d Cir. 1997). "An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. In the worst cases, such a failure may actually produce physical torture or a lingering death." *Estelle*, 429 U.S. at 103, quoting *In re Kemmler*, 136 U.S. 436, 447 (1890).

The Supreme Court set forth the standard necessary to establish a claim for a violation of the Eighth Amendment proscription of cruel and unusual punishment in the context of medical care in *Estelle*, *supra*. To sustain such a claim, a plaintiff must make: (1) a subjective showing of deliberate indifference on the part of the prison officials; and (2) an objective showing that the prisoner's medical needs were serious. *Estelle*, *supra*;

*Pearson v. Prison Health Serv.*, 850 F.3d 526 (3d Cir. 2017); *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

An inmate's medical need is serious under the foregoing standard when it "has been diagnosed by a physician as requiring treatment or . . . is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates*, 834 F.2d at 347 (citations and internal quotations omitted). A medical need is considered serious when denial or delay results in "unnecessary and wanton infliction of pain" or "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss." *Id*.

Deliberate indifference encompasses more than inadvertence or a good faith error; it is characterized by "obduracy and wantonness." *Whitley v. Albers*, 475 U.S. 312 (1986). With the foregoing principles in mind, in order for a claim of deliberate indifference against a prison official to survive, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Woloszyn v. Cnty. of Lawrence*, 396 F.3d 314, 321 (3d Cir. 2005). The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoners need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The Third Circuit has also held that

"[n]eedless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, . . . violates the Eighth Amendment." *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003).

Negligent misdiagnosis or an inadvertent failure to provide care does not establish a Constitutional violation. *Estelle*, 429 U.S. at 97.  "The courts will not intervene upon allegation of mere negligence, mistake or difference of opinion . . . [f]or a Constitutional tort to arise and for a cause of action to be stated under Section 1983, the complainant must allege deliberate indifference to his continued health and well-being." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (emphasis added). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims sounding in state tort law. *Bednar v. Cnty. of Schuylkill*, 29 F. Supp. 2d 250, 253 (E.D. Pa. 1998) quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 fn. 2 (3d Cir. 1979). In other words, a disagreement between a medical provider and an inmate as to the medical diagnosis and treatment does not constitute deliberate indifference.  *Pearson*, 850 F.3d at 535; *Bednar*, *supra*.  A mere delay in treatment, without more, does not constitute deliberate indifference. *Byrd v. Shannon*, No. 1:09-CV-1551, 2010 WL 5889519 (M.D. Pa. Nov. 24, 2010), *affirmed on reconsideration by Byrd v. Shannon*, 715 F.3d 117 (3d Cir. 2013).  Moreover, there must

be proof that the conduct alleged was deliberate and intentional. *Hampton v. Holmesburg*, 546 F.2d 1077, 1081 (3d Cir. 1976).

Plaintiff's Second Amended Complaint asserts that Mr. King was provided "inappropriate" treatment. However, the Amended Complaint (Doc. 27) reveals that Mr. King was evaluated for his complaints, received an x-ray, Tylenol, and blood pressure medication. Thus, Mr. King was assessed and treatment was provided. Plaintiff simply disagrees with the treatment that was provided to Mr. King.

Additionally, Plaintiff has not identified any factual basis for any of the individual PrimeCare Defendants. Plaintiff simply lumps all of the PrimeCare Defendants together with no delineation.

In the matter of *McCracken v. Fulton Cnty.*, No. 3:19-CV-1063, 2020 WL 2767577 (M.D. Pa. May 28, 2020), the plaintiff sued 52 defendants and lumped them all together in various ways with no actual facts of how these individuals were involved in the decedent's suicide. In granting the medical defendants' motion to dismiss, Chief Judge Conner stated:

> The same infirmities plague the plaintiff's amended complaint against the medical defendants and most correctional defendants. As to the bulk of these defendants -- *viz*, Doctor John Doe, Nurse Slick, Nurse Altemus, Nurse Barrett, someone named "Todd Haskins," five John and Jane Doe employees of PrimeCare Medical, and Warden Nelson -- the amended complaint offers only a bare assertion that they "knew or should have known that McCracken had just attempted suicide, and was a serious risk of suicide." (Id. ¶ 68). Again, a legal conclusion without factual foundation. We have no description of the prison's intake or screening processes from which to discern what these defendants might have learned about

McCracken.  And we have no indication of what interactions, if any, the defendants had with McCracken during those processes.  There is simply no factual basis for the conclusion that these individuals knew or should have known of McCracken's suicide attempt or then-existing suicidality. We will thus dismiss the deliberate-indifference claims against the medical defendants and Warden Nelson.

*McCracken* at *6.

In *Cupp v. Cnty. of Lycoming*, No. 3:20-cv-001784, 2021 WL 4478304 (M.D. Pa. Sept. 30, 2021), the plaintiff, as in the present case, simply lumped together 16 individual defendants without detailing what the individual defendants allegedly did to violate the decedent's rights.  In *Cupp*, Magistrate Judge Saporito found all allegedly wrongful conduct is attributed only generally to "Defendants," "prison employees," "medical providers," "jail or medical staff," and "no one."  He then stated:

This type of pleading fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.' *Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386 (D.N.J. 2019); *see also Caristo v. Blairsville-Saltsburg Sch. Dist.*, 370 F. Supp. 3d 554, 569 n.21 (W.D. Pa. 2019) ("Without separately alleging the conduct of each Defendant, Defendants are not on notice of their conduct."). *See generally Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 916 (E.D. Pa. 2019) ('Rule 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.') (internal quotation marks omitted). Group pleading such as this, lumping sixteen defendants together without setting forth what each particular defendant is alleged to have done, is impermissibly vague. *See Mills*, 406 F. Supp. 3d at 386–87. 'Alleging that 'Defendants' undertook certain illegal acts - without more - injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when. Such speculation is anathema to contemporary pleading standards.' *Id.* at 387.  **\*6** Moreover, this vague pleading fails to state a § 1983 claim upon which relief can be granted.  It is well established that '[c]ivil rights claims

11

cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been *personally involved* in the events or occurrences which underlie a claim. *Millbrook v. United States*, 8 F. Supp. 3d 601, 613 (M.D. Pa. 2014) (citation omitted) (emphasis added).

*Cupp v. Cnty. of Lycoming*, 2021 WL 4478304 (M.D. Pa. 2021)

It is submitted that the same logic applies to the case at bar. Plaintiff simply lumps the PrimeCare Defendants together with no specificity. Such pleading fails to demonstrate any personal involvement of the PrimeCare Defendants. Therefore, the PrimeCare Defendants respectfully request that this Honorable Court grant their Partial Motion to Dismiss and that Plaintiff's cause of action in Count II be dismissed with prejudice.

> **B.    PLAINTIFF'S *MONELL* CLAIM SHOULD BE DISMISSED AS TO THOMAS WEBER AND DR. CARL HOFFMAN AS BEING REDUNDANT, THERE IS NO UNDERLYING VIOLATION OF MR. KING'S CONSTITUTIONAL RIGHTS AND THE SECOND AMENDED COMPLAINT FAILS TO DEMONSTRATE DEFICIENT POLICIES AND PROCEDURES FOR THE PROVISION OF MEDICAL CARE.**

As to PrimeCare, it is well established that vicarious liability is not recognized under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036 (1978). To support a claim against a private corporation providing medical services under contract with a prison system, a plaintiff must be able to show "a policy or custom that resulted in the alleged constitutional violations." *Palakovic v. Wetzel*, 854 F.3d 209, 232 (3d Cir. 2017) (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84

(2d Cir. 2003)).  Thus, Plaintiff must establish an underlying constitutional violation to attribute liability to PrimeCare.  *City of L.A. v. Heller*, 475 U.S. 796, 799 (1986); *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978); *Johnson v. City of Phila.*, 837 F.3d 343, 354 (3d Cir. 2016) (citing *Grazier ex rel. White v. City of Phila.*, 328 F.3d 120, 124 (3d Cir. 2003)); *see also Natale*, 318 F.3d at 582-584 (acknowledging that § 1983 claim against Prison Health Services (PHS) for its policy or custom was only viable if, among other things, there was evidence that PHS employees were deliberately indifferent to the plaintiff's serious medical needs).

Therefore, "[a] private corporation contracted by a prison to provide health care for inmates cannot be held liable on a respondeat superior theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs."  *Henry v. Buskirk,* No. 08-1348, 2011 WL 767540 (E.D. Pa. Feb. 24, 2011) (citing *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003); *Monell*, 436 U.S. at 690-92 (1978)).  Not all action rises to the level of a custom or policy.  *Natale*, 318 F.3d at 584.  A policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict.  *Id.* at 583.  A custom is an act, while not approved by a decision maker, is so widespread as to have the force of law.  *Id.* at 583.

A plaintiff must also show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989)) (emphasis added). It must be the policymaker's actions that "directly caused constitutional harm." *Gottlieb v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 175-176 (3d Cir. 2001).

Further, a plaintiff "must show that 'a reasonable municipal policymaker had knowledge of a pattern of prior incidents or knowledge of similar violations of constitutional rights and failed to take adequate measures to ensure the particular right in question.'" *Cacciatore v. City of Phila.*, No. 04-5596, 2005 WL 2139876 (E.D. Pa. Sept. 1, 2005) (quoting *Garcia v. Cnty. of Bucks*, 155 F. Supp. 2d 259, 268 (E.D. Pa. 2001)). "[A] single incident of unconstitutional activity is not sufficient to impose liability under Monell unless proof of the incident includes proof that it was caused by an existing unconstitutional municipal policy, which policy can be attributed to the municipal policy maker." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (quoting *Okla. City v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427 (1985)).

First and foremost, because there was no underlying constitutional violation as set forth in detail above, *Monell* liability cannot lie. *Stephens v. City of Englewood*, 689 Fed. Appx. 710, 714 (3d Cir. 2017) (affirming district court's dismissal of *Monell* claims against police department and city where plaintiffs failed to establish an underlying

constitutional violation against the individual defendant-detectives). Additionally, Plaintiff has alleged no **facts** to substantiate the boilerplate allegations of deficient custom or policy. Moreover, the facts alleged reveal that Mr. King had access to medical care including evaluations, medications and diagnostic testing. Thus, the Second Amended Complaint fails to demonstrate deficient policies and procedures for the provision of medical care at the Dauphin County Prison. Therefore, it is respectfully requested that PrimeCare be dismissed from Count IV with prejudice.

As to Mr. Weber and Dr. Hoffman, they were sued in both their individual and official capacities. Claims against officials named in their official capacities are indistinguishable from claims against the government entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978))). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* Claims against Mr. Weber and Dr. Hoffman are redundant of the *Monell* claim asserted against PrimeCare. Therefore, it is submitted that they should be dismissed from Count IV with prejudice.

### C.    COUNT VI IS A CLAIM FOR SUPERVISORY LIABILITY AND SHOULD BE DISMISSED AS REDUNDANT OF THE *MONELL* CLAIM CONTAINED IN COUNT IV.

Plaintiff has asserted a cause of action for "Supervisory Liability." This claim is redundant of the *Monell* claim contained in Count IV. Thus, Count VI should be

dismissed as redundant.  Additionally, it should be dismissed on the merits since Plaintiff provides no facts but simply lumps all the individual Defendants together while regurgitating elements of a *Monell* cause of action.  There are no facts to establish how these individuals could possibly provide supervision, especially where Plaintiff lumps together PrimeCare's CEO with medical assistants and EMTs as an example.  Therefore, the PrimeCare Defendants respectfully request that this Honorable Court to grant their Partial Motion to Dismiss and that Count VI of the Second Amended Complaint be dismissed with prejudice.

### D.  COUNT VII OF THE SECOND AMENDED COMPLAINT FOR CIVIL CONSPIRACY SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS ALLEGED NO FACTS TO ESTABLISH A PLAUSIBLE CAUSE OF ACTION FOR CIVIL CONSPIRACY.

Plaintiff claims the PrimeCare Defendants conspired to violate Mr. King's constitutional rights.  With respect to a conspiracy claim under § 1983, a plaintiff must establish the underlying federal civil rights claim that is the object of the conspiracy. *Williams v. Corizon*, 2013 U.S. Dist. LEXIS 127913 (E.D. Pa. 2013). A plaintiff must prove that conspirators had an agreement and took a concerted action to deprive him of his rights. *Walsh v. Quinn*, 327 Fed. Appx 353, 355 (3d Cir. 2009).

To establish a cause of action for civil conspiracy under Pennsylvania law, a plaintiff must prove: (a) a combination of two or more persons acting with common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (b) an overt act done in pursuance of the common purpose; and (c) actual legal

damages. *Mieczkowski v. York City Sch. Dist.*, 2009 U.S. Dist. LEXIS 126091, 39 (M.D. Pa. 2009), citing *Strickland v. Univ. of Scranton*, 700 A.2d 979, 987-88 (Pa. Super. 1997). A plaintiff must also prove that the alleged conspirators acted with malice or the intent to injure him. *Id. See also Pavelko v. Sweeney*, 2017 U.S. Dist. LEXIS 158122 (E.D. Pa. 2017).

In the present matter, Count VII is nothing more than conclusory allegations which regurgitate the elements of conspiracy. However, there are **no** facts alleged as to when the PrimeCare Defendants participated in a conspiracy or with whom they specifically conspired. Count VII of Plaintiff's Second Amended Complaint is woefully factually deficient to state a cause of action. Therefore, the PrimeCare Defendants respectfully request that Count VII of Plaintiff's Second Amended Complaint be dismissed with prejudice.

Respectfully submitted,

MARSHALL DENNEHEY, P.C.

By: _____
JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
Telephone (717) 651-3709
Facsimile (717) 651-3707
jrninosky@mdwcg.com
Date: January 2, 2024        *Attorney for PrimeCare Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHNJUAN WHITE, as Administrator of the ESTATE OF JIMMY KING, Deceased, | : : : | NO.: 1:22-cv-01241-CCC |
| Plaintiff | : | CIVIL ACTION – LAW |
| | : | JUDGE CHRISTOPHER C. CONNER |
| v. | : : | *Electronically Filed* |
| DAUPHIN COUNTY, *et al.*, Defendants | : : | JURY TRIAL DEMANDED |

## CERTIFICATION OF WORD COUNT

Pursuant to Local Rule of Civil Procedure 7.8(b)(2), the undersigned hereby certifies that this *Brief of PrimeCare Defendants in Support of Their Partial Motion to Dismiss* is 4906 words (excluding only the Table of Contents and Table of Citations). This certification is made with reliance upon the word count feature of the undersigned's word processing system.

MARSHALL DENNEHEY, P.C.

By: _____
JOHN R. NINOSKY, ESQUIRE
PA Attorney ID No. 78000
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
jrninosky@mdwcg.com
*Attorney for PrimeCare Defendants*

Date: January 2, 2024

18

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2nd day of January, 2024, the foregoing *Brief of PrimeCare Defendants in Support of their Partial Motion to Dismiss Plaintiff's Second Amended Complaint* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

Alan E. Denenberg, Esquire
Abramson & Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA 19107
adenenberg@adlawfirm.com
*Attorneys for Plaintiff*

Leticia C. Chavez-Freed, Esquire
The Chavez-Freed Law Office
2600 N. 3rd Street, 2nd Floor
Harrisburg, PA 17110
leticia@chavez-freedlaw.com
*Attorney for Plaintiff*

Frank J. Lavery, Jr., Esquire
Andrew W. Norfleet, Esquire
Lavery Law
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
flavery@laverylaw.com
anorfleet@laverylaw.com
*Attorney for Defendants Dauphin County and Warden Gregory Briggs*

Donald L. Carmelite, Esquire
Yael L. N. Dadoun, Esquire
Marshall Dennehey, P.C.
200 Corporate Center Drive, Suite 300
Camp Hill, PA 17011
dlcarmelite@mdwcg.com
yldadoun@mdwcg.com
*Attorneys for Defendants Michael McClurg, Jr. and Christopher Pacheco*

Stephen G. Rhoads, Esquire
MacMain Leinhauser, PC
433 W. Market Street, Suite 200
West Chester, PA 19382
srhoads@macmainlaw.com
*Attorney for Defendant Garrett L. Rosas, Psy.D.*

MARSHALL DENNEHEY, P.C.

By: _____
John R. Ninosky